IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WELLS FARGO BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR OPTION ONE MORTGAGE LOAN TRUST 2007-5, ASSET-BACKED CERTIFICATES, SERIES 2007-5, | § § § § § § | |
| Plaintiff, | § | Civil Action No. 3:22-cv-2139-E |
| v. | § § § | |
| BRADLEY PIERCE and KRISTIN PIERCE, | § § § | |
| Defendants. | § § | |

**PLAINTIFF'S BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Plaintiff Wells Fargo Bank, National Association as Trustee for Option One Mortgage Loan Trust 2007-5, Asset Backed Certificates Series 2007-5 ("Plaintiff" or "Wells Fargo") hereby files this *Brief in Support of its Motion for Summary Judgment* against Defendants Bradley Pierce and Kristin Pierce ("Defendants") and respectfully shows as follows:

## TABLE OF CONTENTS

**TABLE OF CONTENTS** ..................................................................................................... i

**INDEX OF AUTHORITIES** ............................................................................................... ii

**I.   SUMMARY** ............................................................................................................... 2

**II.  SUMMARY JUDGMENT EVIDENCE** .................................................................. 2

**III. RELEVANT AND UNDISPUTED FACTS** ............................................................ 3

**IV.  TRADITIONAL SUMMARY JUDGMENT STANDARD** ................................... 5

**V.   SUMMARY JUDGMENT GROUNDS** ................................................................... 6

    **A. Plaintiff is entitled to summary judgment allowing it to proceed with foreclosure against the Property because Defendants defaulted on the Loan Agreement.** .................................................................................................. 6

        **i.   A Debt Exists** ................................................................................. 6
        **ii.  The Debt is secured by a Lien Created Under Texas Law** ......... 7
        **iii. There has been a default under the terms of the Loan Agreement** ............ 7
        **iv.  Plaintiff has complied with the notice requirements to foreclose.** ............... 8

    **B. The summary judgment establishes that Plaintiff, as the beneficiary of the Security Instrument, is entitled to proceed with foreclosure against the Property in accordance with the Loan Agreement and the Texas Property Code.** ................................................................................................. 9

**WHEREFORE, PREMISES CONSIDERED** ........................................................... 10

**CERTIFICATE OF SERVICE** .................................................................................. 11

## INDEX OF AUTHORITIES

**Cases**

*Celotex Corp. v. Catrett,* 477 U.S. 317 (1986) ................................................................................ 5

*Celotex,* 477 U.S. at 322 .................................................................................................................. 5

*Huston v. U.S. Bank Nat'l Ass'n*, 988 F. Supp. 2d 732, 740 (S.D. Tex. 2013) ................................ 6

*Huston v. U.S. Bank Nat'l Ass'n*, 988 F. Supp. 2d 732, 740 (S.D. Tex. 2013),
  *aff'd*, 583 F. App'x. 306 (5th Cir. 2014) ..................................................................................... 6

*Little v. Liquid Air Corp.*, 37 F3d 1069, 1075 (5th Cir. 1994) (en banc) ....................................... 6

*Matsushita Elec. Indus. Co. v. Zenith Radio,* 475 U.S. 574, 585-87 (1986) ................................... 5

*Matsushita,* 475 U.S. at 586 ............................................................................................................ 6

*Singleton v. United States Bank N.A.*, No. 4:15-CV-100-A, 2016 U.S. Dist. LEXIS
  53019, * 20 (N.D. Tex. Apr. 20, 2016) ....................................................................................... 6

*Stahl v. Novartis Pharms. Corp.,* 283 F.3d 254, 263 (5th Cir. 2002) ............................................. 5

*Texas Gas & Utils. Co. v. Barrett*, 460 S.W.2d 409, 412 (Tex. 1970) ........................................... 6

**Statutes**

FED. R. CIV. P. 56(c) ....................................................................................................................... 5

TEX. PROP. CODE § 51.0001(4) ....................................................................................................... 9

TEX. PROPERTY CODE § 51.0025 ................................................................................................ 9,10

Texas Property Code section 51.002 ............................................................................................ 10

## I. SUMMARY

1. Defendants Bradley Pierce and Kristin Pierce are borrowers on a mortgage secured by the real property located at 4417 San Carlos Street University Park, Texas 75205 (the "Property") and more particularly described as:

> BEING LOT 16, BLOCK 7 OF LOMA LINDA ADDITION, AN ADDITION TO THE CITY OF UNIVERSITY PARK, DALLAS COUNTY, TEXAS ACCORDING TO THE PLAT THEREOF RECORDED IN VOLUME 3, PAGE 250, MAP RECORDS, DALLAS COUNTY, TEXAS.

2. On September 27, 2022, Plaintiff initiated this action by filing its *Original Complaint* which argues that Plaintiff is entitled to foreclosure on the Property because Defendants are in default and Plaintiff has performed its obligations under the Loan Agreement. (ECF No. 1)

3. On November 7, 2022, Defendants filed their Original Answer generally denying the claims made in Plaintiff's Original Complaint. (ECF No. 11.)

4. Through this Motion, Plaintiff seeks final summary judgment against Defendants as they have defaulted on their obligations under the terms of the security instrument by failing to make payments on the Note. As a result of the default and Plaintiff's compliance with the notice requirements under Texas law and the security instrument, Plaintiff is entitled to foreclose on the Property.

## II. SUMMARY JUDGMENT EVIDENCE

In support of its motion, Plaintiff relies on the following evidence, true and correct copies of which are attached hereto and incorporated by reference herein for all purposes:

Exhibit A.    Declaration of Claribel Lopez;

    Exhibit A-1    Home Equity Adjustable Rate Note (Non-Recourse), dated January 22, 2007;

    Exhibit A-2    Deed of Trust, dated January 22, 2007;

        Exhibit A-3    Assignment of Deed of Trust, dated May 20, 2011;

        Exhibit A-4    Notice of Default, dated August 5, 2022;

        Exhibit A-5    Notice of Acceleration of Loan Maturity, dated September 12, 2022;

        Exhibit A-6.   Payment History; *and*

        Exhibit A-7.   Payoff Quote, valid through February 2, 2024.

Plaintiff also relies on the pleadings on file in this cause where specifically referenced herein.

### III.    RELEVANT AND UNDISPUTED FACTS

5.    On or about January 22, 2007, Defendant Bradley Pierce executed a *Home Equity Adjustable Rate Note)* (the "Note") in the principal amount of $708,000.00 in favor of Option One Mortgage Corporation, a California Corporation ("Option One"). (*See* Exhibits A, A-1, App'x p. 9).

6.    Concurrently with the execution of the Note, Defendants Bradley and Kristin Pierce executed a *Deed of Trust* (the "Security Instrument") securing the repayment of the Note with a first lien on the Property in favor of Option One, its successors and assigns. The Note and Security Instrument shall collectively be referred to as the "Loan" or "Loan Agreement". The Security Instrument was recorded in the Official Public Records of Dallas County, Texas under Instrument No. 20070039662 on February 1, 2007. (*See* Exhibits A, A-2, App'x p. 14).

7.    Option One transferred and assigned the Loan to Plaintiff. An *Assignment of Deed of Trust*, executed on May 20, 2011, was recorded in the Official Public Records of Dallas County, Texas, under Instrument No. 201100135709. (*See* Exhibits A, A-3, App'x p. 27).

8. Wells Fargo is the current legal owner and holder of the specially endorsed Note and the mortgagee as that term is defined in section 51.0001(4) of the Texas Property Code. (*See* Exhibits A, A-1, A-3, App'x pp. 8, 27).

9. The Loan Agreement further provides that should Defendants fail to make payments on the Note as they became due and payable or fail to comply with any or all of the covenants and conditions of the Security Instrument, then the lender may enforce the Security Instrument selling the Property pursuant to applicable law and in accordance with the provisions set out in the Loan Agreement. (*See* Exhibits A, A-1, A-2, Appx at pp. 10, 19.)

10. Defendants have failed to make their monthly payments under the terms of the Loan Agreement. (*See* Exhibit A at ¶ 10, App'x p. 4). The Loan is due for the April 1, 2020 monthly payment and all subsequent payments. (See Exhibit A, A-6, A-7, App'x pp 57, 63).

11. As a result of the default, Plaintiff invoked its authority to foreclose under the Note and Security Instrument. On or about August 5, 2022, Wells Fargo's mortgage servicer, PHH Mortgage Services, mailed a *Notice of Default* to Defendant Bradley Pierce via regular and certified mail, postage prepaid to at the Property address. Defendant Bradley Pierce was advised of his options to resolve the default. (*See* Exhibits A, A-4, App'x p. 31).

12. As a result of the Defendants' failure to cure the default, on September 12, 2022, Plaintiff, through its counsel, sent a *Notice of Acceleration of Loan Maturity* ("Notice of Acceleration") through certified mail to the Defendants at the Property address. The Notice of Acceleration advised the Defendants that the default had not been cured and that as a result Plaintiff had elected to accelerate the Loan balance. (*See* Exhibits A, A-5, A'ppx p. 36).

13. No payments have been made on the Loan following the Notice of Acceleration. (*See* Exhibits A, A-6, A'ppx p. 58*.*) The Loan Agreement remains in default. As of February 2, 2024, the Payoff Amount is $917,200.03. (*See* Exhibits A at ¶ 14, A-7, A'ppx p. 63.)

14. Plaintiff now seeks summary judgment because the Loan Agreement is in default under the terms of the Note and the Security Instrument, and Plaintiff has the standing and the authority to proceed with foreclosure on the Property. No genuine issue of material fact exists to prevent the entry of a final summary judgment against Defendants.

### IV.  TRADITIONAL SUMMARY JUDGMENT STANDARD

15. Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "[i]f the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).

16. The Supreme Court has further held that the moving party may discharge its summary judgment burden of proof by showing that there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986). If the non-moving party bears the burden of proof at trial, the moving party need only point to the absence of any fact issue in the record, and the evidentiary burden then shifts to the non-moving party to show with "significant probative" evidence that there exists a triable issue of fact. *Celotex,* 477 U.S. at 322; *see also Stahl v. Novartis Pharms. Corp.,* 283 F.3d 254, 263 (5th Cir. 2002) ("The moving party may meet its burden to demonstrate the absence of a genuine issue of material fact by pointing out that that record contains no support for the non-moving party's claim.").  If the moving party meets its burden, the burden shifts to the non-moving party to establish the existence of a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio,* 475 U.S. 574, 585-87 (1986).  The non-

moving party must do more than show that there is some metaphysical doubt as to the material facts. *Matsushita,* 475 U.S. at 586; *see also Little v. Liquid Air Corp.*, 37 F3d 1069, 1075 (5th Cir. 1994) (en banc) (non-movant cannot defeat a motion for summary judgment with "conclusory allegations," "unsubstantiated assertions," or a mere "scintilla" of evidence).

## V.   SUMMARY JUDGMENT GROUNDS

**A.   Plaintiff is entitled to summary judgment allowing it to proceed with foreclosure against the Property because Defendants defaulted on the Loan Agreement.**

17.   In Texas, to foreclose under a security instrument with a power of sale, the plaintiff is required to show only that: (1) a debt exists; (2) the debt is secured by a lien created under Texas law; (3) the borrower is in default; and (4) the borrower has been properly served with notice of default and acceleration. *Singleton v. United States Bank N.A.*, No. 4:15-CV-100-A, 2016 U.S. Dist. LEXIS 53019, * 20 (N.D. Tex. Apr. 20, 2016) (citing *Huston v. U.S. Bank Nat'l Ass'n*, 988 F. Supp. 2d 732, 740 (S.D. Tex. 2013), *aff'd*, 583 F. App'x. 306 (5th Cir. 2014)).

**i.   A Debt Exists.**

18.   Plaintiff incorporates by reference all facts and arguments contained in the sections above.

19.   The debt is evidenced by the Note signed by Defendant Bradley Pierce. (*See* Exhibits A, A-1, A'ppx p. 11.) The Note is a written contract between the signatories. The Plaintiff must show the following in order to prove existence of a valid and enforceable contract between the parties: (1) offer; (2) acceptance; (3) mutual assent; (4) execution and delivery of the contract with the intent that it be mutual and binding; and (5) consideration supporting the contract. *Texas Gas & Utils. Co. v. Barrett*, 460 S.W.2d 409, 412 (Tex. 1970).

20.   The written Note evidences the parties' mutual assent. (*See* Exhibits A, A-1, A'ppx p. 9.) Further, the signature by Defendant Bradley Pierce shows that the Note was in fact executed

by him at closing. (*See* Exhibits A, A-1, A'ppx p. 11.) Plaintiff, through its predecessor, performed under the terms of the Note by lending the referenced $708,000.00. (*See* Exhibits A, A-1, A'ppx p. 9.)

21. No genuine issue exists as to whether the Note accurately evidences the subject debt owed.

### ii. The Debt is secured by a Lien Created Under Texas Law.

22. Plaintiff incorporates by reference all facts and arguments contained in the sections above.

23. The lien securing the debt is evidenced by the Security Instrument executed by the Defendants granting Option One, its successors and assigns, a lien on the Property. (*See* Exhibits A, A-2, A'ppx p. 14). No genuine issue of material fact exists as to whether the debt at issue is secured by the Security Instrument.

### iii. There has been a default under the terms of the Loan Agreement.

24. Plaintiff incorporates by reference all facts and arguments contained in the sections above.

25. The Loan Agreement provides that should Defendants fail to make payments on the Note as they became due and payable or fail to comply with any or all of the covenants and conditions of the Security Instrument, then the lender may enforce the Security Instrument selling the Property pursuant to applicable law and in accordance with the provisions set out in the Loan Agreement. (*See* Exhibits A, A-2, A'ppx p. 19.)

26. Plaintiff, through their mortgage servicer PHH Mortgage Corporation, served Defendant Bradley Pierce with a *Notice of Default* ("Notice of Default") via certified mail on August 5, 2022. (*See* Exhibits A, A-4, A'ppx p. 31.) In that Notice of Default, Defendant Bradley

Pierce was informed of his option to resolve the default and that failure to cure the breach within 30 days from the date of the letter would result in foreclosure of the Property. (*See* Exhibits A, A-4, A'ppx p. 32.) When Defendant Bradley Pierce did not cure the default, Plaintiff sent a *Notice of Acceleration of Loan Maturity* via certified mail to Defendants on September 12, 2022. (*See* Exhibits A, A-5, A'ppx pp. 37, 39.) In that Notice of Acceleration, Defendants were informed that the loan amount had been accelerated and the total balance of the Loan was due at that time. (*Id.*)

27. Pursuant to the Security Instrument, Plaintiff may foreclose on the Property in the event there is a default in the obligations under the Note and the Security Instrument. (Exhibits A, A-1, A-2, A'ppx pp. 10, 11 ,19.) The loan remains in default. (*See* Exhibits A, A-6, A'ppx p. 59.) As of February 2, 2024, the Payoff Amount is $917,200.03. (*See* Exhibits A ¶ 14, A-7, A'ppx p. 63.)

28. No genuine issues of material fact exist as to the fact that the Loan Agreement is currently on default under the terms of the Note and Security Instrument.

    **iv.** **Plaintiff has complied with the notice requirements to foreclose.**

29. Plaintiff incorporates by reference all facts and arguments contained in the sections above.

30. Due to the default, a *Notice of Default* was mailed to Defendant Bradley Pierce in accordance with Section 51.002(d) of the Texas Property Code on August 5, 2022. (*See* Exhibits A, A-4, A'ppx p. 31.) The Notice of Default advised of, among other things, the default, the time period to cure the default, and that if the default was not cured that the balance of the debt would be accelerated. (*See* Exhibits A, A-4, A'ppx p. 32*.*)

31. The default was never cured. (*See* Exhibits A, A-6, A'ppx p. 59.) Accordingly, the maturity of the Note was accelerated on September 12, 2022, when a *Notice of Acceleration of*

*Loan Maturity* was sent to Defendants. (*See* Exhibits A, A-5, A'ppx pp. 37, 39.) Defendants did not make any payments owed under the Loan Agreement following the acceleration. (*See* Exhibits A, A-6, A'ppx p. 58.)

32. No genuine issues of material fact exist as to whether Plaintiff has provided all notices required to proceed with foreclosure under the terms of the Loan Agreement and Texas law.

**B. The summary judgment establishes that Plaintiff, as the beneficiary of the Security Instrument, is entitled to proceed with foreclosure against the Property in accordance with the Loan Agreement and the Texas Property Code.**

33. Plaintiff incorporates by reference all facts and arguments contained in the sections above.

34. Plaintiff is the proper party to enforce the remedies afforded to the Lender under the terms of the Loan Agreement. Plaintiff qualifies as a "mortgagee," as that term is defined under Chapter 51 of the Texas Property Code.[1] TEX. PROPERTY CODE § 51.0025. The Property Code specifically gives a mortgagee and its mortgage servicer the authority to exercise the power of sale through its authority to appoint a substitute trustee under Texas Property Code section 51.0075. To qualify as a mortgagee, one must, among other qualifications, either be the grantee, beneficiary, owner, or holder of a security instrument, or they may also be the last person to whom the security interest was assigned of public record. *See* TEX. PROP. CODE § 51.0001(4).

35. Plaintiff is the last entity to whom the Security Instrument was assigned of public record. (*See* Exhibit A, A-3, A'ppx p. 27.) The assignment to Plaintiff is reflected in that certain *Assignment of Deed of Trust,* dated May 20, 2011, and filed in Official Public Records of Dallas

---

[1] *See* TEX. PROP. CODE § 51.0001(4) ("Mortgagee means: (A) the grantee, beneficiary, owner, or holder of a security instrument; (B) a book entry system; or (C) if the security interest has been assigned of record, the last person to whom the security interest has been assigned of record.")

County, Texas, under Instrument No. 201100135709. (*See Id.*) Accordingly, Plaintiff is the last mortgagee as that term is defined by the Texas Property Code and is authorized to conduct the foreclosure sale. (*See* Exhibit A, Exhibit A-3, App'x p. 27 and TEX. PROP. CODE § 51.0025.)

36. Accordingly, there is no genuine issue of material fact as to whether Plaintiff is the proper party to administer the foreclosure process under the terms of the Loan Agreement and Texas law as a result of the default.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests that the Court grant its Motion for Summary Judgment and that Plaintiff have and recover judgment against Defendants allowing it to proceed with foreclosure in accordance with the Security Instrument and Texas Property Code section 51.002, or judicial foreclosure under Texas Rule of Civil Procedure 309, that Plaintiff recover attorneys' fees on its claim for foreclosure and such other and further relief to which Plaintiff may be entitled.

    Respectfully submitted,

By: */s/ Cheyenne D. Haley*
**MARK D. CRONENWETT**
Texas Bar No. 00787303
mcronenwett@mwzmlaw.com

**CHEYENNE D. HALEY**
Texas Bar No. 24131883
chaley@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P. C.**
14160 North Dallas Parkway, Suite 900
Dallas, TX 75254
Telephone: (214) 635-2650
Facsimile: (214) 635-2686

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

  I hereby certify that a true and correct copy of the foregoing instrument was served via electronic service on February 6, 2024, upon the following:

Greg Mitchell
1412 Main Street, Suite 500
Dallas, TX 75020
*Counsel for Defendants*

                */s/ Cheyenne D. Haley*
                **CHEYENNE D. HALEY**