IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| WELLS FARGO BANK, § <br> NATIONAL ASSOCIATION, AS § <br> TRUSTEE FOR OPTION ONE § <br> MORTGAGE LOAN TRUST, 2007-5, § <br> ASSET-BACKED CERTIFICATES, § <br> SERIES 2007-5, § <br>  § <br> Plaintiff, § <br>  § <br> V. § <br>  § <br> BRADLEY PIERCE and KRISTIN § <br> PIERCE, § <br> Defendants. § | No. 3:22-cv-2139-E |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
<u>**UNITED STATES MAGISTRATE JUDGE**</u>

Wells Fargo Bank National Association, as Trustee for Option One Mortgage Loan Trust, 2007-5, Asset-Backed Certificates, Series 2007-5, ("Wells Fargo") filed a Motion for Summary Judgment [Dkt. No. 29].

Bradley Pierce and Kristin Pierce (the Pierces) did not file a response.

United States District Judge Ada Brown has referred this motion to the undersigned United States Magistrate Judge for hearing, if necessary, and findings, conclusions, and a recommendation under 28 U.S.C. § 636(b). *See* Dkt. No. 32.

For the reasons stated below, the Court should grant Wells Fargo's Motion for Summary Judgment [Dkt. No. 29].

**Background**

This case concerns an attempted foreclosure. Bradley Pierce executed a Note

on January 22, 2007, agreeing to pay $708,000 to Option One Mortgage Corporation. Dkt. No. 31-1 at 9. Both Bradley and Kristin Pierce also executed a Deed of Trust, giving Option One Mortgage Corporation ("Option One") a security interest in the property 4417 San Carlos Street, University Park, Texas 75205. *See id.* at 14.

Option One Mortgage transferred the Deed of Trust to Wells Fargo in 2011. *See id.* at 27. Wells Fargo claims the Pierces defaulted on their loan by failing to pay their monthly payments. *See* Dkt. No. 30 at 4.

Wells Fargo filed a complaint asserting a cause of action for non-judicial foreclosure and a declaratory judgment that it is the holder of the Note and beneficiary of the Security Instrument in this court. *See* Dkt. No. 1. The Pierces filed an answer. *See* Dkt. No. 10.

The Court abated the case on Wells Fargo's motion [Dkt. No. 34] until resolution of this motion. *See* Dkt. No. 37.

Wells Fargo then filed the current Motion for Summary Judgment on all its claims [Dkt. No. 29].

## Legal Standards

Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual "issue is material if its resolution could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003). "A factual dispute is 'genuine,' if the evidence is such that a reasonable [trier of fact] could return a verdict

for the nonmoving party." *Crowe v. Henry*, 115 F.3d 294, 296 (5th Cir. 1997).

If the moving party seeks summary judgment as to his opponent's claims or defenses, "[t]he moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case." *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1). "Summary judgment must be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which it will bear the burden of proof at trial. If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (internal quotation marks and footnote omitted).

"Once the moving party meets this burden, the nonmoving party must set forth" – and submit evidence of – "specific facts showing a genuine issue for trial and not rest upon the allegations or denials contained in its pleadings." *Lynch Props.*, 140

F.3d at 625; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *accord Pioneer Expl.*, 767 F.3d at 511 ("[T]he nonmovant cannot rely on the allegations in the pleadings alone" but rather "must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." (internal quotation marks and footnotes omitted)).

The Court is required to consider all evidence and view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party and resolve all disputed factual controversies in favor of the nonmoving party – but only if the summary judgment evidence shows that an actual controversy exists. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Pioneer Expl.*, 767 F.3d at 511; *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005); *Lynch Props.*, 140 F.3d at 625. "The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in [her] favor. While the court must disregard evidence favorable to the moving party that the jury is not required to believe, it gives credence to evidence supporting the moving party that is uncontradicted and unimpeached if that evidence comes from disinterested witnesses." *Porter v. Houma Terrebonne Hous. Auth. Bd. of Comm'rs*, 810 F.3d 940, 942-43 (5th Cir. 2015) (internal quotation marks and footnotes omitted). And "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment," *Brown v. City of Houston*, 337 F.3d 539, 541 (5th Cir. 2003), and neither will "only a scintilla of evidence" meet the nonmovant's burden, *Little*, 37 F.3d at 1075; *accord Pioneer Expl.*, 767 F.3d at 511 ("Conclusional allegations and denials,

speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." (internal quotation marks and footnote omitted)). "[W]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (internal quotation marks omitted).

Rather, the non-moving party must "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it; or (4) issue any other appropriate order." FED. R. CIV. P. 56(e).

And "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Pioneer Expl.*, 767 F.3d at 511 (internal quotation marks and footnote omitted). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Scott*, 550 U.S. at 380 (internal quotation marks and emphasis omitted). And, "[w]hen opposing parties tell two different

stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id.*

"After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted." *DIRECTV, Inc. v. Minor*, 420 F.3d 546, 549 (5th Cir. 2005) (footnote and internal quotation marks omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Scott*, 550 U.S. at 380 (internal quotation marks omitted).

The Court will not assume "in the absence of any proof ... that the nonmoving party could or would prove the necessary facts" and will grant summary judgment "in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Little*, 37 F.3d at 1075. "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment," and "[a] failure on the part of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006) (internal quotation marks omitted).

If, on the other hand, "the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure all of the essential elements of the claim or

defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). The "beyond peradventure" standard imposes a "heavy" burden. *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, No. 3:04-cv-1866-D, 2007 WL 2403656, at *10 (N.D. Tex. Aug. 23, 2007). The moving party must demonstrate that there are no genuine and material fact disputes and that the party is entitled to summary judgment as a matter of law. *See, e.g., Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003). On such a motion, the Court will, again, "draw all reasonable inferences in favor of the non-moving party." *Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002).

## Analysis

I. <u>Effect of Failing to File a Response to a Motion for Summary Judgment</u>

When a nonmoving party does not file any response to a motion for summary judgment, the "failure to respond does not permit the court to enter a 'default' summary judgment." *Boyd v. Fam. Dollar Stores of Texas, LLC*, No. 3:22-cv-1368-D, 2023 WL 4141052, at *1 (N.D. Tex. June 22, 2023).

As the United States Court of Appeals for the Fifth Circuit has explained,

> [a] motion for summary judgment cannot be granted simply because there is no opposition, even if failure to oppose violated a local rule. *John v. La. (Bd. of Trustees for State Colleges & Universities)*, 757 F.2d 698, 709 (5th Cir.1985). The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed. *Id.* at 708. Therefore, if the district judge's decision was to grant summary judgment solely because of a default, such decision constituted reversible error.

*Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279

(5th Cir. 1985); *accord Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 & n.3 (5th Cir. 1995) (explaining that the district "court granted Appellee's motion for summary judgment on alternative grounds," including, "[f]irst, in accordance with the local rule, the court granted the motion as unopposed," and that "[w]e have previously disapproved of granting summary judgment on this basis" but that, "because the district court addressed the merits of the motion as an alternative holding, we need not reverse").

> But, under Rule 56 and the governing law,
>
> > "[a] summary judgment nonmovant who does not respond to the motion is relegated to her unsworn pleadings, which do not constitute summary judgment evidence," *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (Fitzwater, J.) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)). Moreover,
> >
> > > [i]f a party fails ... to properly address another party's assertion of fact as required by Rule 56(c), the court may ... (2) consider the fact undisputed for purposes of the motion [and] (3) grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is – entitled to it[.]
> >
> > FED. R. CIV. P. 56(e)(2), (3).

*Boyd,* 2023 WL 4141052, at *1.

Here, the pleadings are not verified, and so the Pierces have presented no summary judgment evidence. And "a court may grant an unopposed summary judgment motion if the undisputed facts show that the movant is entitled to judgment as a matter of law." *Bryan v. Cano*, No. 22-50035, 2022 WL 16756388, at *4 (5th Cir. Nov. 8, 2022) (cleaned up); *accord Bustos v. Martini Club Inc.*, 599 F.3d 458, 468-69 (5th Cir. 2010) (although "a district court may not grant a motion for summary

judgment merely because it is unopposed," "[t]he defendants submitted competent summary judgment evidence showing that there were no genuine issues of fact for trial," and the plaintiff "did not respond to the motion for summary judgment in the district court and therefore failed to carry his burden of showing that material factual issues existed" and so "cannot now assert that the district court's reliance on defendants' uncontested evidence was improper" (cleaned up)); *Williams v. Sake Hibachi Sushi & Bar, Inc.*, No. 3:18-cv-517-D, 2020 WL 3317096, at *6 (N.D. Tex. June 18, 2020) ("As stated above, although the court is not permitted to enter a 'default' summary judgment, the court is allowed to accept the evidence adduced by plaintiffs as undisputed and may grant summary judgment if the motion and supporting materials show plaintiffs are entitled to it.").

II. <u>Wells Fargo is entitled to summary judgment on the foreclosure claim.</u>

Wells Fargo asserts a cause of action of "non-judicial foreclosure." Dkt. No. 1 at 6. While some courts have found that this is not a viable claim, "a majority of courts … appear to cut in favor of reading a breach of contract claim into a judicial foreclosure claim, where only the latter is pleaded." *Ocwen Loan Servicing, LLC v. Kingman Holdings, LLC*, No. 3:18-cv-1197-S, 2019 WL 3802167, at *5 (N.D. Tex. May 31, 2019). While Wells Fargo does not plead a breach of contract claim in the complaint, it does mention that the note is a contract in its Motion for Summary Judgment. *See* Dkt. No. 30 at 6.

And so, the Court should treat the request for non-judicial foreclosure as containing a breach of contract claim, and the undersigned will analyze it under that

framework.

A. Wells Fargo meets elements required for non-judicial foreclosure.

In Texas, to foreclose under a security instrument with a power of sale, the lender is required to show that: (1) a debt exists; (2) the debt is secured by a lien created under Texas law; (3) the borrower is in default under the note and security instrument; and (4) the borrower has been properly served with notice of default and acceleration. *See Singleton v. U. S. Bank Nat'l Ass'n*, No. 4:15-cv-100-A, 2016 WL 1611378, at *7 (N.D. Tex. Apr. 20, 2016) (citation omitted).

First, Wells Fargo shows a debt exists under the Note and Security Instrument. Both documents demonstrate that the Pierces promised to repay the lender $708,000 plus interest. See Dkt. No. 31-1 at Appx. A, B.

Second, the Pierces executed a Deed of Trust ("Security Instrument"), granting Option One and its successors and assigns, a lien on the Property to secure the debt. The Deed of Trust states that "[T]he extension of credit secured by the lien granted herein is the type of credit defined by Section 50(a)(6), Article XVI, of the Constitution." *Id.* at 14.

Third, there is no dispute that the Pierces are in default of the 2007 loan. Wells Fargo has shown that the loan was past due on April 1, 2020. *See id.* at 57.

Fourth, the summary judgment evidence shows that Wells Fargo gave the Pierces the requisite notice.

"Under Texas law, a lender may not foreclose on a debt without providing both a notice of intent to accelerate and a notice of acceleration." *Colbert v. Wells Fargo*

*Bank, N.A.*, 850 F. App'x 870, 875 (5th Cir. 2021) (citing *Ogden v. Gibraltar Sav. Ass'n*, 640 S.W.2d 232, 234 (Tex. 1982)). "After the requisite notice of intent is provided, notice of acceleration may take the form of the filing of an expedited application for foreclosure." *Alcala v. Deutsche Bank Nat'l Tr. Co. for Long Beach Mortg. Loan Tr. 2006-5*, 684 F. App'x 436, 438 (5th Cir. 2017).

The Deed of Trust also states that:

> Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument…. The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) the failure to cure the default on or before the date specified in the notice will result in acceleration of the sums secured by this Security Instrument and sale of the property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale.

Dkt. No. 31-1 at 19.

And the Texas Property Code states that:

> (d) Notwithstanding any agreement to the contrary, the mortgage servicer of the debt shall serve a debtor in default under a deed of trust or other contract lien on real property used as the debtor's residence with written notice by certified mail stating that the debtor is in default under the deed of trust or other contract lien and giving the debtor at least 20 days to cure the default before notice of sale can be given under Subsection (b).

TEX. PROP. CODE § 51.002(d).

Wells Fargo sent notice to Bradley Pierce on August 5, 2022, that the loan was in default. *See id.* at 31. The notice included the total due, stated what actions Bradley Pierce had to take to cure the default, stated that they must cure the default by September 9, 2022, and stated that, if they failed to cure, Wells Fargo would

accelerate. *See id.* The document shows that the notice was sent via certified mail. *See id.* at 30.

Wells Fargo also supports its motion with a declaration from Claribel Lopez, who is a Contract Management Coordinator for PHH Mortgage, servicer of the loan for Wells Fargo. *See id.* at 2. Lopez states that the notices were sent to Bradley Pierce or Defendants, but the default was not cured. *See id.* at 3.

On September 12, 2022, Wells Fargo sent notices to both Pierces that the maturity of the debt was now accelerated. *See id.* at Ex. A-5. Wells Fargo also sent a payoff quote to Bradley Pierce on January 12, 2024, stating how much was currently owed under the loan. *See id.* at 62.

B. The Pierces breached the contract by defaulting on the loan.

The promissory note is a "written contract between the signatories." Dkt. No. 30 at 6; *see also Express Working Cap., LLC v. One World Cuisine Grp.*, LLC, No. 3:15-cv-3792-S, 2018 WL 4214349, at *4 (N.D. Tex. Aug. 16, 2018). Under Texas law, to succeed on a breach of contract claim, the plaintiff must show "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Smith Intern., Inc. v. Egle Group, LLC*, 490 F.3d 380, 387 (5th Cir. 2007).

There is no dispute that the Loan Agreement is a valid contract nor that Wells Fargo fulfilled its requirements under its terms and the Texas Property Code. *See* Dkt. No. 30 at 6-7. Wells Fargo, "through its predecessor, performed under the terms

of the Note by lending the referenced $708,000." *Id.* at 7.

The Loan Agreement allowed the lender to receive the full amount owed if the borrower defaults. *See* Dkt. No. 31-1 at 10. The Pierces did not cure the default and, as of January 12, 2024, were $921,556.71 in debt. *See id.* at 62.

Wells Fargo has adequately shown quantifiable damages by including the payment history of the Pierces and showing the balance owed on the loan. *See id.*, Ex. A-6; *U.S. Bank Nat'l Ass'n as Tr. for Citigroup Mortg. Loan Tr., Inc. 2006-NC2, Asset Backed Pass Through Certificates Series 2006-NC2 v. Borunda*, No. EP-15-cv-109-PRM, 2016 WL 11578522, at *4 (W.D. Tex. Apr. 18, 2016) (finding the plaintiff had not shown damages with a reasonable degree of certainty necessary for breach of contract when they did not include any records of the defendants' payment history or records showing there was a specific and certain balance owing on the loan).

And, so, the undersigned concludes that the Pierces breached the contract.

Because there are no material issues of fact and Wells Fargo has shown beyond peradventure that every essential element of their claim is met, the Court should grant Wells Fargo summary judgment on this claim.

III.  Wells Fargo is entitled to proceed with foreclosure as the proper party to <u>enforce the remedies afforded to the Lender</u>.

The Court should grant Well Fargo's Motion for Summary Judgment because Wells Fargo is the proper party to enforce the remedies afforded to the Lender under the terms of the Loan Agreement.

Under the Texas Property Code, a party has standing to initiate a nonjudicial foreclosure sale if the party is a mortgagee or if the party is a mortgage servicer and

meets certain requirements. *See* TEX. PROP. CODE §§ 51.002, 51.0025. A mortgagee includes "the grantee, beneficiary, owner, holder of a security instrument, such as a deed of trust, or "if the security interest has been assigned of record[,] the last person to whom the security interest has been assigned of record." *Id.* § 51.0001(4)(A), 4(B), (6).

"Even if a party does not have a recorded interest in a security instrument, the party may still have standing to foreclose if the party is the holder or owner of a note secured by the instrument." *EverBank, N.A. v. Seedergy Ventures, Inc.*, 499 S.W.3d 534, 538 (Tex. App. – Houston [14th Dist.] 2016, no pet.). This rule derives from the common law maxim, now codified in Texas, that "the mortgage follows the note." TEX. BUS. & COM. CODE § 9.203(g); *Green v. JPMorgan Chase Bank, N.A.*, 937 F. Supp. 2d 849, 861 (N.D. Tex. 2013), *aff'd sub nom. Green v. JP Morgan Chase Bank, N.A.*, 562 F. App'x 238 (5th Cir. 2014) (internal citations omitted).

But, here, Wells Fargo qualifies as a "mortgagee" under Chapter 51 of the Texas Property Code. *See* TEX. PROP. CODE § 51.0025; *see* Dkt. No. 30 at 9. There is no dispute that Wells Fargo was the last assignee of record of the Deed of Trust. *See* Dkt. No. 31-1 at 27. And, so, it has been shown that Wells Fargo was the owner or holder of the Note. *See id.* And Wells Fargo can properly bring this claim.

IV.     Wells Fargo is entitled to reasonable attorneys' fees.

The Court should grant Wells Fargo its reasonable attorneys' fees in accordance with the Note, the Deed of Trust, and § 51.002 of the Texas Property Code.

As a part of its foreclosure claim, Wells Fargo seeks recovery of its attorneys'

fees. Dkt. No. 30 at 10. And, in its complaint, Wells Fargo states that it "seeks an award of attorneys' fees as a further obligation on the Note and not as a money judgment against Defendants personally." Dkt. No. 1 at 5.

Texas law applies to an award of attorneys' fees in diversity cases such as this one. *See Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002). Under Texas law, attorneys' fees may be recovered pursuant to mortgage contracts. *See Richardson v. Wells Fargo Bank, Nat. Ass'n*, 740 F.3d 1035, 1040 (5th Cir. 2014); *Payne v. Wells Fargo Bank, Nat. Ass'n*, No. 3:12-cv-5219-M-BF, 2015 WL 1402321, at *7 (N.D. Tex. Mar. 26, 2015).

Here, the Note states that, "[i]f the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note[.]… Those expenses include, for example, reasonable attorneys' fees. Dkt. No. 31-1 at 10. The Deed of Trust also states that under Texas Constitution Article XVI § 50(a)(6) lender can recover court costs and attorneys' fees. *See id.* at 19.

Because it is permitted in the relevant loan documents, Wells Fargo is entitled to its reasonable attorneys' fees for pursuing its foreclosure claim under the Note and Deed of Trust. *See TFHSP, LLC Series 10147 v. U.S. Bank Nat'l Ass'n*, No. 3:14-cv-2589-M-BN, 2016 WL 2856006, at *4 (N.D. Tex. Apr. 18, 2016).

The Court should order Wells Fargo to file a separate application for attorneys' fees, no later than 14 days after entry of a judgment in this case, that establishes the amount of the reasonable and necessary attorneys' fees and costs that it has incurred,

with supporting evidence, based on an acceptable method for calculating attorneys' fees under the Deed of Trust and the Note at issue in this case.

## Recommendation

The Court should grant Plaintiff's Motion for Final Summary Judgment [Dkt. No. 29] and issue an order allowing Plaintiff Wells Fargo to proceed with foreclosure and awarding Plaintiff Wells Fargo its attorneys' fees to be determined by subsequent motion practice as an additional obligation on the Note only.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 12, 2024

-17-

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE